WRIGHT ET AL. *v.* THE UNION CENTRAL LIFE INSURANCE CO.

[No. 26,782. Filed April 2, 1937. Rehearing denied June 8, 1937.]

*Samuel E. Cook, Homer E. Bailey,* and *Miller Ashcraft,* for appellants.

*Roscoe D. Wheat,* for appellee.

FANSLER, J.—Prior to 1931, appellant James M.

Wright mortgaged the farm, the possession of which is here in question, to appellee. Thereafter, in 1931, his wife joining him, he conveyed the property to his son, Walter C. Wright, subject to the mortgage. On June 9, 1934, appellee obtained a judgment foreclosing its mortgage in an action in which James M. Wright and Walter C. Wright were both parties defendant. On July 12, 1934, the property was sold by the sheriff in satisfaction of the judgment. It was purchased by appellee, who received a sheriff's certificate of sale. On October 30, 1934, James M. Wright filed a petition in bankruptcy, under section 75, subsection (s), of the Bankruptcy Act (Frazier-Lemcke Act). In his petition in bankruptcy he scheduled the real estate in question, which he did not own. On April 13, 1935, Walter C. Wright and others deeded the real estate to James M. Wright. On May 27, 1935, in *Louisville Joint Stock Land Bank* v. *Radford*, 295 U. S. 555, 55 Sup. Ct. 854, the Frazier-Lemke Act was declared unconstitutional. On August 2, 1935, appellee surrendered its certificate of sale and received a deed to the land. On August 28, 1935, Congress enacted a new Bankruptcy Act. See *Lafayette Life Ins. Co.* v. *Lowmon* (1935), 79 Fed. (2d) 887. On September 13, 1935, appellee brought this action against appellant Walter C. Wright and Virgie M. Wright, his wife, alleging that appellee is the owner of the real estate in question, and entitled to possession thereof; that defendants are holding possession without right, and have unlawfully kept the plaintiff out of possession; and asking damages in the sum of $100. Appellant James M. Wright petitioned to be, and was, admitted as a party defendant. Defendants answered, setting up the petition of James M. Wright in bankruptcy; that he had been declared bankrupt, and that the court had no jurisdiction, and that Walter C. Wright and Virgie M. Wright held possession of the real estate as tenants of James M. Wright.

Afterwards Virgie M. Wright filed an answer disclaiming any interest in the real estate. There was a trial, and judgment for the plaintiff for possession and $50 damages.

It will be noted that, at the time of the judgment and sale of the property to appellee, James M. Wright was not the owner of the property; that it was deeded to him by Walter C. Wright after the certificate of sale was issued, and after the filing of his petition in bankruptcy. At that time, the only right, title, or interest that Walter C. Wright had in the property was the right to redeem prior to July 12, 1934. Walter C. Wright, who claimed by his answer to hold possession of the property as tenant of James M. Wright, was a party to the foreclosure proceeding, and knew that all of his right, and all of the right which he conveyed to James M. Wright, in the real estate, was a right to redeem. This right expired by statute one year from the date of the sale.

Appellants do not point to any provision in the amendment of the Bankruptcy Law which would bring within its terms a right of redemption acquired from another after the filing of the petition in bankruptcy, or which would bring within its terms any property which was not owned by the bankrupt at the time his petition was filed, and no such provision is apparent. The cases in which the constitutionality of the act was considered involve property of a bankrupt mortgagor in which he had some right, title, or interest at the time his petition was filed. The moratorium provision of the Bankruptcy Act does not apply.

Judgment affirmed.